# CIRCUIT COURT NO. 2 OF BALTIMORE CITY

Filed May 17, 1893.

.SHRYOCK ET. AL.

VS.

THE WESTERN NATIONAL BANK ET. AL.

*John M. Carter* for plaintiffs.

*Schmucker & Whitelock* for Western National Bank and *Richard Bernard & Son* for J. S. Ditch & Brother.

WICKES, J.—

In the case of Tyson & Rawls vs. The Western National Bank, recently decided by the Court of Appeals, the endorsement on the check sent to Nicholson & Son, prior to their failure, was "for collection for the account of," &c. The Court held, after carefully reviewing the authorities, that the relation of principal and agent was created between the parties and not that of debtor and creditor, and that the restrictive form of endorsement was notice of that fact to third parties, and that therefore the Western National Bank could acquire no title by the endorsement and was responsible to the plaintiffs, who were the depositors, for the proceeds collected.

In the case at Bar, the endorsement is "Deposit to the credit of J. S. Ditch & Bro." On the day the failure of Nicholson & Sons was announced, and

only a short time before the house closed its doors, one of the firm of J. S. Ditch & Bro., deposited the check in question, endorsed as above stated, and according to a custom existing between the depositors and the bankers, the check was entered as cash in their passbook, and they were at liberty to draw on it immediately if they saw proper to do so.

They kept two bank books in their transactions with this house, in one of which was entered paper not matured, and deposited for collection, while in the other was entered as cash, check then due, and the right was accorded the depositors to draw at once on credits so given them.

The particular check in question in this case was endorsed the same day "For deposit—J. J. Nicholson & Sons," and sent with others to the Western National Bank, and there placed to the credit of the Nicholsons, at that time and still, largely indebted to the bank. That same day the failure was announced, and the payment of the check stopped by Ditch & Bro., and the contest now is to ascertain whether the drawers of the check, Shryock & Co., shall pay the amount to Ditch & Bro., the depositors, or to the Western National Bank, in whose hands it was at the time of the failure.

In Morse on Banks and Banking, Vol. 2, Sec. 577, a distinction is broadly taken between the two kinds of endorsements, as follows: "When a bank receives from a customer a check on another bank for the special purpose of collection, the title does not pass by the special endorsement for that purpose, nor does the receiving bank owe the amount until the check is collected. But where the customer has a deposit account with the bankers, in which he is accustomed to deposit checks payable to himself, which are entered in his pass-book, and to draw against such deposits, an endorsement of the words "for deposit" on a check so deposited is, in the absence of a different understanding, presumptive of more than a mere agency or authority to collect; it is a request and direction to deposit the sum to the credit of the customer, and gives to the bankers authority not only to collect, but to use the check in such manner as in their judgment and discretion, having reference to the conditions and neces-

sities of their business, may make it most available in their possession, &c." It is conceded that an endorsement in full or in blank, unless there is an agreement to the contrary, has the effect of transferring the paper to the holder, and leaving its negotiable quality unimpaired. Technically, perhaps, the endorsement in this case was neither one or the other. The name of the assignee or transferee is not stated, which is necessary to constitute an endorsement in full, and yet there is something more than the mere name of the endorser written across its back. But, practically, how does it differ from either after it has once reached the bank and been deposited? "Deposit to the credit of" is an almost universal form of endorsement by those who send paper of this character to the banks by messengers, and it is a proper precaution to take in event of loss or accident of any kind.

But once in the possession of the bank, can it be considered any longer restrictive, and does it any way impair the circulation of the paper by any condition or limitation.

If the word "deposit" carries with it the meaning attached to it by Morie in the sections already cited, or the meaning given to it by general consent and usage in banking circles, when endorsed upon a check as in the case before us, how does it vary or qualify that meaning to add to it the words "to the credit" of the depositor? If the effect is to transfer the paper in the one case, why not in the other? Certainly the depositor and the banker seems to have so understood it. The deposit was treated as so much cash immediately available, and the paper passed beyond the control of the depositor. Had he desired to reclaim it, he would of necessity have been required to produce his bank book and have the cash credit charged, or paid the amount in some form to the banker. Nor does it affect the question that had the check been returned unpaid, the bank could have charged it against the depositor's account by virtue of its banker's lien, or sued the endorser to recover the amount.

The case of Tyson & Rawls is relied on in support of the contention of the learned counsel for Ditch & Bro., the depositors. But a careful consideration of it has satisfied me that neither the letter or spirit of that decision apply to the case at Bar. Many other cases were cited at the argument, but they are nearly all cases in which the endorsement was "for collection," or where the paper had not matured at the time of deposit. Such for example was Lee & Co. vs. Chillicothe Bank, 1 Bond (Ohio) 387, which in the form of endorsement closely resembles the case under consideration. The language was "credit my account," but the Court said "the endorsements were intended solely to authorize Ludlow to hold the bills until their maturity, and receive the proceeds and place them to the credit of the bank."

I am of opinion that the property in the check in question passed from the depositor and vested in the bank, and I can see no reason why Nicholson & Sons could not confer a perfect title upon the Western National Bank, their transferee.

A decree will be signed accordingly.